UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

S.D.,

    Plaintiff,

v.  Case No: 2:17-cv-111-FtM-99MRM

CITY OF CAPE CORAL, a Florida municipal corporation,

    Defendant.

_____

# OPINION AND ORDER

This matter comes before the Court on defendant's Motion to Dismiss (Doc. #7) filed on February 24, 2017. Plaintiff filed a response in opposition (Doc. #16) on March 9, 2017. On May 23, 2017, plaintiff filed a Motion for Leave to Amend Complaint (Doc. #19) to correct minor scriveners' errors regarding the spelling of a name in Counts III and IV. Because the proposed Amended Complaint contains the same substantive allegations as the Complaint, the Court will issue a ruling on whether the allegations state a claim and grant the request to correct scriveners' errors in any amended complaint. For the reasons set forth below, the motion to dismiss is granted in part and denied in part.

**I.**

On February 7, 2016, plaintiff S.D. (a minor) filed a five-count Complaint (Doc. #2) in state court against defendant City of Cape Coral (the City or defendant), alleging both common law

negligence claims and a 42 U.S.C. § 1983 claim for deprivation of civil rights. On February 22, 2017, defendant removed the case to this Court on the basis of federal question jurisdiction under 28 U.S.C. § 1331. (Doc. #1.)

The Complaint sets forth the following material facts: On May 13, 2013, Cape Coral police officer Casey Ortiz transported S.D., a 16-year old girl, to meet with a Fort Myers Police Officer. During that trip Officer Ortiz stopped at a supermarket parking lot and forced S.D. to perform oral sex on him. The sexual abuse and battery occurred while Officer Ortiz was on his shift with the Cape Coral Police Department and while he was charged with carrying out the business and/or services of the City. Plaintiff states that it was generally known by the Cape Coral Police Department and its staff that S.D. had a history of sexual abuse victimization, particularly at the hands of older men.

Plaintiff brings the following claims against the City: negligence (Count I), respondeat superior/vicarious liability (Count II), negligent hiring (Count III), negligent supervision (Count IV), and violation of the Fifth and Fourteenth Amendments pursuant to 42 U.S.C. § 1983 (Count V). Defendant moves to dismiss Counts I, II, and V for failure to state a claim.

## II.

Under Federal Rule of Civil Procedure 8(a)(2), a Complaint must contain a "short and plain statement of the claim showing

that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citation omitted). To survive dismissal, the factual allegations must be "plausible" and "must be enough to raise a right to relief above the speculative level." Id. See also Edwards v. Prime Inc., 602 F.3d 1276, 1291 (11th Cir. 2010). This requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations omitted).

In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff, Erickson v. Pardus, 551 U.S. 89 (2007), but "[l]egal conclusions without adequate factual support are entitled to no assumption of truth." Mamani v. Berzain, 654 F.3d 1148, 1153 (11th Cir. 2011) (citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678. "Factual allegations that are merely consistent with a defendant's liability fall short of being facially plausible." Chaparro v. Carnival Corp., 693 F.3d 1333, 1337 (11th Cir. 2012) (internal citations omitted). Thus, the Court engages in a two-step approach: "When there are well-pleaded

factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Iqbal, 556 U.S. at 679.

### III.

**A. Negligence (Count I)**

Count I alleges that the City owed a duty of care to S.D. to act with reasonable care and to provide proper supervision and treatment to S.D. while she was in its custody during her transport to the Fort Myers Police Department. (Doc. #2, ¶16.) It further alleges that the City breached this duty of care by failing to provide proper and adequate supervision of S.D. on May 13, 2013, while S.D. was in its custody. (Id. at ¶17.) As a result, S.D. was subjected to sexual battery and/or assault (Id. at ¶18), which caused various injuries to S.D. (Id. at ¶ 19).

The City argues that it is not clear if Count I is based on direct or vicarious liability, as it appears Count I is a negligent supervision claim. Plaintiff responds that Count I alleges that the City is directly (not vicariously) liable for its failure to properly supervise and treat plaintiff, and Count I is not based on the City's failure to supervise Officer Ortiz (which is alleged in Count IV). The Court accepts this construction of Count I, and concludes that it only alleges a claim for direct liability against the City of Cape Coral.

The Court finds that as a direct liability negligence claim, Count I is not sufficiently pled. Unlike a suit based on the doctrine of respondeat superior, a direct liability action is grounded upon the negligence of the employer itself. Count I alleges that the City had a duty to "supervise and treat" plaintiff, and that this duty was breached, but nowhere does the count set forth what such a duty entails or the source of that duty by the City. Additionally, while a theory of direct liability "is not dependent on a finding that the abuser's conduct fell within the scope of the agency or, for that matter, that the abuser was an agent," Special Olympics Florida, Inc. v. Showalter, 6 So. 3d 662, 666 (Fla. 5th DCA 2009), it does require that the wrongdoer is akin to a managing agent of the entity. "We note that although the record supports a theory of vicarious liability for punitive damages, we reject the argument that the evidence supports one of direct liability, as a job foreman is not, as required for imposing direct liability, a managing agent of the company." Ryder Truck Rental, Inc. v. Partington, 710 So. 2d 575, 576 (Fla. 4th DCA 1998) (citing cases). A police officer is clearly not such a person for a city, and Count I identifies no one else upon whom liability can be based. While Florida recognizes that, independent of the doctrine of respondeat superior, an employer is liable for an employee's willful tort committed against a third person if he knew or should have known that the employee was a threat to others,

Williams v. Feather Sound, Inc., 386 So. 2d 1238, 1239-40 (Fla. 2d DCA 1980), no such allegations are contained in Count I.

Plaintiff has failed to state a plausible claim against the City for direct negligence; therefore, the motion is granted and Count I is dismissed without prejudice.

**B. Vicarious Liability - Count II**

Count II is titled "Respondeat Superior/Vicarious Liability." (Doc. #1.) Count II alleges that the staff, employees, agents, and servants of the City were acting within the course and scope of their employment (Doc. #2, ¶ 21), thus making the City vicariously liable for any and all of their negligent acts or omissions and any intentional torts in: (a) failing to prevent the abuse of S.D., and (b) failing to enforce or follow the City's own policies and procedures. (Id. at ¶ 22.)

Defendant argues that the claim should be dismissed because the doctrine of respondeat superior is not a separate, stand-alone claim for which relief can be afforded; rather, it is a legal theory of transferred liability for which a party who has not committed a wrong can be held liable for the conduct of another. Florida courts, however, have held that vicarious liability must be alleged as a separate cause of action in a complaint, wherein it must set forth ultimate facts that establish either an actual or apparent agency or any other basis for vicarious liability. See Goldschmidt v. Holman, 571 So. 2d 422, 423-24 (Fla. 1990).

Plaintiff has alleged as much in her Complaint. (Doc. #2, ¶¶ 20-23.)

Defendant further argues that any theory of vicarious liability fails because Officer Ortiz was acting outside the scope of his employment to further some purpose of his own when he sexually assaulted plaintiff, thus leaving the City immune from liability for his tortious acts. Plaintiff responds that because the initial act of transporting S.D. was within the scope of Officer Ortiz's employment, any subsequent actions of Officer Ortiz – including sexual battery – should also be found to be within the course and scope of his employment.

"An employer's liability for an employee's intentional acts may arise when the acts are within the 'real or apparent scope' of employment." Trabulsy v. Publix Super Mkt., Inc., 138 So. 3d 553, 555 (Fla. 5th DCA 2014) (quoting Weiss v. Jacobson, 62 So. 2d 904, 906 (Fla. 1953)).

> Conduct is within the scope of employment if it occurs substantially within authorized time and space limits, and it is activated at least in part by a purpose to serve the master. The purpose of the employee's act, rather than the method of performance thereof, is said to be the important consideration. Stated another way, only when the employee steps aside from his employment to ... accomplish some purpose of his own, is the act not within the scope of employment. This is generally a question of fact for the jury.

Id. at 555 (internal citations and punctuation omitted). An employee's conduct is within the scope of his employment, where: (1) the conduct is of the kind he was employed to perform, (2) the

conduct occurs substantially within the time and space limits authorized or required by the work to be performed, and (3) the conduct is activated at least in part by a purpose to serve the master. Iglesia Cristiana La Casa Del Senor, Inc. v. L.M., 783 So. 2d 353, 356 (Fla. 3d DCA 2001) (holding pastor's criminal conduct was independent, self-serving act and did not occur within course and scope of employment)

"Sexual assaults and batteries committed by employees are generally held to be outside the scope of an employee's employment and, therefore, insufficient to impose vicarious liability on the employer. An exception exists when the employee purported to act on behalf of the employer or when the employee was aided by the agency relationship." Goss v. Human Services Associates, Inc., 79 So. 3d 127, 132 (Fla. 5th DCA 2012) (citing Sussman v. Fla. E. Coast Props., Inc., 557 So. 2d 74, 75-76 (Fla. 3d DCA 1990)); Nazareth v. Herndon Ambulance Serv., Inc., 467 So. 2d 1076, 1078 (Fla. 5th DCA 1985). "Unless it can be established that the abuse occurred in furtherance of the employer's business, this type of conduct is not within the scope of employment." Agriturf Mgmt., Inc. v. Roe, 656 So. 2d 954 (Fla. 2d DCA 1995) (finding abuse occurring on Agriturf's property during time perpetrator closing business not within scope of employment because sexual abuse not in furtherance of employer's business objectives); see Mason v. Fla. Sheriffs' Self-Ins. Fund, 699 So. 2d 268 (Fla. 5th DCA 1997)

(holding sexual assault by officer not within scope of employment, even though officer on duty, in uniform, and serving warrant on woman he raped); Special Olympics Fla., Inc. v. Showalter, 6 So. 3d 662, 665-66 (Fla. 5th DCA 2009).

Plaintiff has failed to state a plausible claim against the City for vicarious liability for the intentional torts committed by Ortiz as they were not within the course and scope of his employment and there is no allegations that it was in furtherance of the City's business; therefore, the motion is granted and Count II is dismissed without prejudice.

**C. 42 U.S.C. § 1983 – Count V**

Under Count V, plaintiff alleges that the City violated her "substantive rights guaranteed by the Due Process and Equal Protection clauses of the Fourteenth and Fifth Amendments to the United States Constitution."[1] (Doc. #1, ¶ 34.) "Section 1983 creates a private cause of action for deprivations of federal rights by persons acting under color of state law." Laster v. City of Tampa Police Dept., 575 F. App'x 869, 872 (11th Cir. 2014)

---

[1] Defendant argues that to the extent the claim is based on the Fifth Amendment, it should be dismissed, as civil rights claims brought against state actors are available only under the Fourteenth Amendment. See Weiland v. Palm Beach Cty. Sheriff's Office, 792 F.3d 1313, 1328 (11th Cir. 2015) (noting that the Fifth Amendment protects a citizen's rights against infringement by the federal government, not by state government). Plaintiff agrees. Therefore, Count V will only proceed as a Fourteenth Amendment substantive due process claim.

(citing 42 U.S.C. § 1983). "Persons" include individuals and municipalities and other local-government units. Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690-91 (1978).

It is well established in the Eleventh Circuit that supervisory officials are generally not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of respondeat superior or vicarious liability. Instead, supervisory liability under § 1983 occurs when the supervisor personally participates in the alleged unconstitutional conduct or when there is a causal connection between the actions of a supervising official and the alleged constitutional violation. Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003). However, Monell liability can be predicated upon an official policy or custom that caused the violation of the plaintiff's rights. Hartley v. Parnell, 193 F.3d 1263, 1269 (11th Cir. 1999) (noting that "the causal connection may be established and supervisory liability imposed where the supervisor's improper custom or policy results in deliberate indifference to constitutional rights").

Here, plaintiff alleges that "severely deficit supervisory protocol and practices" led to the acts perpetrated against S.D., and that the City's actions are the "result of a policy or custom of failing to properly investigate and supervise its employees like Ortiz and ignoring information in its possession or easily obtained regarding Ortiz's propensities and actions." (Doc. #2,

¶¶ 35, 38.) Plaintiff alleges that the City's failures are "widespread" and a "policy or a custom." (Id. at ¶ 38.) At the pleading stage, plaintiff has stated a plausible claim for vicarious liability as to Count V.

Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1. Defendant's Motion to Dismiss (Doc. #7) is **GRANTED in part and DENIED in part.** The motion is granted to the extent that Counts I and II are dismissed without prejudice to filing an amended complaint within **FOURTEEN (14) days** of this Opinion and Order. Furthermore, the Fifth Amendment portion of Count V is dismissed with prejudice; otherwise, the motion is denied as to the Fourteenth Amendment portion of Count V.

2. Plaintiff's Motion for Leave to Amend Complaint to correct minor scriveners' errors (Doc. #19) is **GRANTED** and plaintiff may incorporate these amendments into the amended complaint to be filed within **FOURTEEN (14) days** pursuant to this Opinion and Order.

**DONE and ORDERED** at Fort Myers, Florida, this __29th__ day of September, 2017.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record