UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

S.D.,

    Plaintiff,

v.  Case No: 2:17-cv-111-FtM-99MRM

CITY OF CAPE CORAL, a Florida municipal corporation,

    Defendant.

## OPINION AND ORDER

This matter comes before the Court on defendant's Motion to Dismiss Counts I and II of Plaintiff's Amended Complaint (Doc. #23) filed on October 24, 2017. Plaintiff filed a Response in Opposition on November 7, 2017. For the reasons set forth below, the Motion is granted in part and denied in part.

**I.**

This is an action alleging negligence and deprivation of constitutional rights brought by S.D. (a minor) for sexual abuse and battery committed by Cape Coral police officer Casey Ortiz while he was on his shift with the Cape Coral Police Department. Following the Court's dismissal of Counts I (negligence) and II (respondeat superior/vicarious liability) without prejudice (Doc. #21), plaintiff filed an Amended Complaint (Doc. #22). Defendant again moves to dismiss Counts I and II for failure to state a

claim. Plaintiff responds that the Amended Complaint remedies the deficiencies identified by the Court in its dismissal Order.

Under Federal Rule of Civil Procedure 8(a)(2), a Complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citation omitted). To survive dismissal, the factual allegations must be "plausible" and "must be enough to raise a right to relief above the speculative level." Id. See also Edwards v. Prime Inc., 602 F.3d 1276, 1291 (11th Cir. 2010). This requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations omitted).

In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff, Erickson v. Pardus, 551 U.S. 89 (2007), but "[l]egal conclusions without adequate factual support are entitled to no assumption of truth." Mamani v. Berzain, 654 F.3d 1148, 1153 (11th Cir. 2011) (citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678. "Factual allegations that are merely

consistent with a defendant's liability fall short of being facially plausible." Chaparro v. Carnival Corp., 693 F.3d 1333, 1337 (11th Cir. 2012) (internal citations omitted). Thus, the Court engages in a two-step approach: "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Iqbal, 556 U.S. at 679.

**II.**

**A. Negligence (Count I)**

Count I alleges a claim for direct liability against the City of Cape Coral ("City"). Unlike a suit based on the doctrine of respondeat superior, a direct liability action is grounded upon the negligence of the employer itself. Count I alleges that the City had a duty of care to "provide proper supervision and treatment of S.D.", and that this duty was breached. (Doc. #22, ¶ 16.) Plaintiff further alleges: "At all material times, Cape Coral knew, or should have known, that their employee, Ortiz, was a threat to others, particularly, to persons like S.D." (Id. at ¶ 20.) The Court previously found that Count I does not set forth the source of the alleged duty of care owed by the City. (Doc. #21, p. 5.) In this regard, the Amended Complaint states: "In the law enforcement context, Cape Coral is subjected to a duty of care when law enforcement officers become directly involved in circumstances which place people within a zone of risk by creating

or permitting dangers to exist, by taking persons into police custody, by detaining them or by otherwise subjecting them to danger," citing Milanese v. City of Boca Raton, 84 So. 3d 339 (Fla. 4th DCA 2012). (Id. at ¶ 17.)

The Court is satisfied that plaintiff has sufficiently pled the source of the City's duty by stating that the City created the danger which caused harm to S.D., placing her in a zone of risk, when the City knew or should have known that Officer Ortiz was a threat to others. See Williams v. Feather Sound, Inc., 386 So. 2d 1238, 1239-40 (Fla. 2d DCA 1980) (Florida recognizes that, independent of the doctrine of respondeat superior, an employer is liable for an employee's willful tort committed against a third person if he knew or should have known that the employee was a threat to others). Dismissal of Count I is denied.

**B. Vicarious Liability (Count II)**

Count II alleges that the staff, employees, agents, and servants of the City were acting within the course and scope of their employment (Doc. #22, ¶ 24), thus making the City vicariously liable for any and all of their negligent acts or omissions and any intentional torts in: (a) failing to prevent the abuse of S.D., and (b) failing to enforce or follow the City's own policies and procedures. (Id. at ¶ 25.)

"Sexual assaults and batteries committed by employees are generally held to be outside the scope of an employee's employment

and, therefore, insufficient to impose vicarious liability on the employer. An exception exists when the employee purported to act on behalf of the employer or when the employee was aided by the agency relationship." Goss v. Human Services Associates, Inc., 79 So. 3d 127, 132 (Fla. 5th DCA 2012) (citing Sussman v. Fla. E. Coast Props., Inc., 557 So. 2d 74, 75-76 (Fla. 3d DCA 1990)); Nazareth v. Herndon Ambulance Serv., Inc., 467 So. 2d 1076, 1078 (Fla. 5th DCA 1985). "Unless it can be established that the abuse occurred in furtherance of the employer's business, this type of conduct is not within the scope of employment." Agriturf Mgmt., Inc. v. Roe, 656 So. 2d 954 (Fla. 2d DCA 1995) (finding abuse occurring on Agriturf's property during time perpetrator closing business not within scope of employment because sexual abuse not in furtherance of employer's business objectives); see Mason v. Fla. Sheriffs' Self-Ins. Fund, 699 So. 2d 268 (Fla. 5th DCA 1997) (holding sexual assault by officer not within scope of employment, even though officer on duty, in uniform, and serving warrant on woman he raped); Special Olympics Fla., Inc. v. Showalter, 6 So. 3d 662, 665-66 (Fla. 5th DCA 2009).

An employee's conduct is within the scope of his employment, where: (1) the conduct is of the kind he was employed to perform, (2) the conduct occurs substantially within the time and space limits authorized or required by the work to be performed, and (3) the conduct is activated at least in part by a purpose to serve

the master.  Iglesia Cristiana La Casa Del Senor, Inc. v. L.M., 783 So. 2d 353, 356 (Fla. 3d DCA 2001) (holding pastor's criminal conduct was independent, self-serving act and did not occur within course and scope of employment)

In its previous Opinion dismissing Count II, the Court found that plaintiff had failed to state a plausible claim against the City for vicarious liability for the intentional torts committed by Ortiz because they were not within the course and scope of his employment and there were no allegations that they were in furtherance of the City's business.  In the Amended Complaint, plaintiff alleges that the City assisted Ortiz in accomplishing the sexual assault due to the employee/employer relationship because the assault occurred during his shift, in the police car, and while Ortiz was in uniform, utilizing his position as a Cape Coral police officer to intimidate and coerce plaintiff.  (Doc. #22, ¶¶ 29-30.)  Plaintiff further alleges that "Ortiz's conduct was activated, at least in part, by a purpose to serve his employer, Cape Coral" and "Ortiz's conduct in transporting S.D. from Cape Coral, Florida into the custody of the Fort Myers Police Department was the kind of conduct that he was employed to perform."  (Id. at ¶¶ 27-28.)

The Court still finds that plaintiff has failed to state a plausible claim against the City for vicarious liability.  There is no plausible allegation that Ortiz's misconduct was in

furtherance of the City's business. Although the City concedes that transporting detainees such as plaintiff falls within the scope of Ortiz's duties as a Cape Coral police officer, the sexual assault and battery was a self-serving act that in no way furthered the business of the City. "Because there was not even the pretense of lawful right in [the officer's] performance of this act, it was not within the scope of his employment." Mason, 699 So. 2d at 270 (citing McGhee v. Volusia Cnty., 679 So. 2d 729, 730-31 (Fla. 1996)). Therefore, Count II is dismissed with prejudice.

Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

Defendant's Motion to Dismiss Amended Complaint (Doc. #23) is **GRANTED in part and DENIED in part**. The Motion is granted to the extent that Count II is dismissed with prejudice, and denied as to Count I.

**DONE and ORDERED** at Fort Myers, Florida, this  30th  day of November, 2017.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record